UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KEITH BOWERS,

                Petitioner,

      -against-

NAPOLI, Superintendent,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CV- 2980 (CBA)

AMON, United States District Judge:

Petitioner Keith Bowers, who is currently incarcerated in Southport Correctional Facility, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

**Background**

Petitioner was convicted and sentenced on February 14, 1995, pursuant to his guilty plea, in New York Supreme Court, Queens County. He did not immediately appeal his conviction, because, he claims, his defense counsel advised him that there were no appealable issues and failed to provide him with written notice of his rights to appeal. (Pet. at 6.) It appears that he took no other action to challenge this conviction until 2007. During that time, he was twice indicted and convicted on charges of assaulting correctional officers while incarcerated. These convictions resulted in significant extensions to his sentence. See People v. Bowers, 4 A.D. 3d 558, 771 N.Y.S.2d 270, 271 (N.Y. App. Div., 3rd Dep't 2004) (affirming November 22, 2000 conviction in the Chemung County Court); Bowers v. Walsh, 277 F. Supp. 2d 208, 214 (W.D.N.Y. 2003) (denying habeas petition challenging 1997 conviction in Wyoming County).

Petitioner challenged the 1995 conviction by filing a motion for a writ of error coram nobis with the New York Supreme Court, Appellate Division, Second Department. Petitioner does not indicate when he filed that motion, but it was assigned a docket number, 2007-11425, indicating that it was filed during 2007. The application was denied on February 14, 2008, and the New York Court of Appeals denied leave to appeal on May 8, 2008. (Pet. at 3.) The instant Petition, dated July 13, 2008, was received by the United States District Court for the Eastern District of New York on July 18, 2008.

## Discussion

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

2

Petitions filed after the enactment of AEDPA, but challenging convictions entered before its effective date have been granted a one-year grace period following the effective date of the legislation, in which to file a habeas corpus petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors

relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. Petitioner was convicted on February 14, 1995, and he did not appeal the conviction within 30 days of entry of judgment. Accordingly, the judgment became final on March 16, 1995 when the time for seeking an appeal expired. See N.Y.Crim. P. L. § 460.10(1)(a). As petitioner's judgment of conviction became final before the AEDPA established a one-year statute of limitations, he is entitled to a one-year grace period following the effective date of the AEDPA, in which to file a habeas corpus petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Thus, if 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until April 24, 1997 to file his petition. By the time petitioner filed his state petition for a writ of error coram nobis in 2007, the statute of limitations had long since expired. Petitioner has not asserted any excuse for his untimeliness that might serve as the basis for equitable tolling.

Petitioner is therefore directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[1] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. Petitioner shall include in his affirmation detailed

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

allegations regarding the dates on which he filed any appeal or post-conviction motion. Petitioner shall append to his affirmation documentary evidence, if available, supporting his allegations concerning these dates. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

/S/
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
 July 31, 2008

5