UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KEITH BOWERS,

                Petitioner,

  -against-                                        MEMORANDUM
                                                        AND ORDER
NAPOLI, Superintendent,                              08-CV-2980 (CBA)

                Respondent.
----------------------------------------------------------X

AMON, United States District Judge:

On July 16, 2008, petitioner filed this *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. By Order dated July 31, 2008, petitioner was directed to show cause by affirmation within sixty days why his petition should not be dismissed as time-barred. Petitioner's affirmation, received August 7, 2008, fails to demonstrate that the instant petition is timely. Therefore, the petition is dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations during which petitioners must file their petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. As stated in the Court's previous Order, petitioner was convicted on February 14, 1995, and he did not appeal the conviction within 30 days of entry of judgment. Accordingly, judgment became final on March 16, 1995 when the time for seeking an appeal expired. See N.Y. Crim Proc. L. § 460.10(1)(a). As petitioner's judgment of conviction became final before the AEDPA established a one-year statute of limitations, he is entitled to a one-year grace period following the effective date of the AEDPA (April 24, 1996), in which to file a habeas petition. Ross v. Artuz, 150 F.3d

1

97, 103 (2d Cir. 1998). Thus, petitioner had until April 24, 1997 to file his petition. The instant petition, dated July 13, 2008 and received by the Court on July 16, 2008, was over ten years late. Petitioner's state petition for a writ of error coram nobis filed in 2007 was filed long after the statute of limitations had expired and thus did not toll the statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Nor does petitioner provide in his petition or in his affirmation a basis for equitable tolling of the statute of limitations. Equitable tolling is appropriate only where "rare and exceptional circumstance" prevented the petitioner from filing his application on time. Id. at 17 (internal citations omitted). Even when exceptional circumstances exist, the petitioner must prove that the circumstances, and not his or her action or inaction, prevented the timely filing. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Accordingly, a petitioner seeking equitable tolling must show that he acted with reasonable diligence throughout the period he seeks tolled. Smith v. McGinnis, 208 F.3d at 17.

Petitioner argues that he should not be penalized for accepting his attorney's advice and not filing an appeal. But ignorance of the law is not a basis for equitable tolling. See Worsham v. West, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); Doyle v. Yelich, No. 05 Civ. 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) ("A petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling."); Ayala v. Fischer, No. 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004) ("Ignorance of the law and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling."); Williams v. Breslin, No. 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (same); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002)

(holding that ignorance of law and legal procedure is not so exceptional as to merit equitable tolling).

Further, even assuming that the attorney's advice to plaintiff was in error, and not merely unwelcome information, mere erroneous advice from a defense lawyer, as opposed to outrageously incompetent representation, does not create the extraordinary circumstances required for equitable tolling. See, e.g., Urena v. United States, No. 03 Civ. 6722, 2005 WL 1653888, at *2 (S.D.N.Y. July 13, 2005) (alleged erroneous or deceptive advice concerning time to file petition for certiorari inadequate for equitable tolling); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (noting that the Second Circuit "has found attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires"). Nor does petitioner's ten-year period of inaction demonstrate the reasonable diligence required to invoke equitable tolling.

**Conclusion**

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2008

/S/
CAROL BAGLEY AMON
United States District Judge

3